FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2009 AUG -3 PM 1: 13

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

CHRISTINA FOOR, and
EVA GILLAN, on behalf of
themselves and all others similarly
situated,

    Plaintiffs,

vs.

CASE NO.: 2:09-cv-505-FtM-29SPC

CHICKS AHOY, INC. d/b/a OASIS
RESTAURANT, a Florida Profit Corporation,
BONNIE G. GRUNBERG, Individually, and
TAMMIE J. SHOCKEY, Individually,

    Defendants.

## COMPLAINT

COME NOW Plaintiffs, CHRISTINA FOOR and EVA GILLAN, on behalf of themselves and other employees and former employees similarly situated, (collectively "Plaintiffs"), by and through their undersigned counsel, and files this Complaint against Defendants, CHICKS AHOY, INC. d/b/a OASIS RESTAURANT, a Florida Profit Corporation, (hereinafter "OASIS"), BONNIE G. GRUNBERG (hereinafter "GRUNBERG") and TAMMIE J. SHOCKEY (hereinafter "SHOCKEY") (collectively "Defendants") and state as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended, (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, minimum wages, overtime wages, an additional

equal amount of liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff, CHRISTINA FOOR, is and was a resident of Lee County, Florida.

4. At all times material hereto, Plaintiff, EVA GILLAN, is and was a resident of Lee County, Florida.

5. At all times material hereto, "OASIS" was and continues to be a Florida Profit Corporation. Further, at all times material hereto, "OASIS" was, and continues to be, engaged in business in Florida, with a principle place of business in Lee County, Florida.

6. At all times relevant to this action, "GRUNBERG" was an individual resident of the State of Florida, who owned and operated "OASIS", and who regularly exercised the authority to: (a) hire and fire employees of "OASIS"; (b) determine the work schedules for the employees of "OASIS"; and (c) control the finances and operations of "OASIS". By virtue of having regularly exercised that authority on behalf of "OASIS", "GRUNBERG" is an employer as defined by 29 U.S.C. 201 et seq.

7. At all times relevant to this action, "SHOCKEY" was an individual resident of the State of Florida, who owned and operated "OASIS", and who regularly exercised the authority to: (a) hire and fire employees of "OASIS"; (b) determine the work schedules for the employees of "OASIS"; and (c) control the finances and operations of "OASIS".

By virtue of having regularly exercised that authority on behalf of "OASIS", "SHOCKEY" is an employer as defined by 29 U.S.C. §201 et seq.

8. At all times material hereto, Plaintiffs, and others similarly situated to them, were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9. At all times material hereto, Plaintiffs, and those similarly situated to them, were "employees" of the Defendants within the meaning of FLSA.

10. At all times material hereto, Defendants were the "employers" with the meaning of FLSA.

11. Defendants were and continue to be "employers" within the meaning of FLSA.

12. At all times material hereto, Defendants were and continue to be an "enterprises engaged in commerce" within the meaning of FLSA.

13. At all times material hereto, Defendants were and continue to be enterprises engaged in the "production of goods for commerce" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendants is in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material hereto, the work performed by the Plaintiffs, and those similarly situated to them, was directly essential to the business performed by Defendants.

16. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209, because Plaintiffs, and those similarly situated to them, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs, and those similarly situated to them.

17. The additional persons who may become plaintiffs in this action are/were non-exempt employees of Defendants, who held similar positions to Plaintiffs and who (a) worked in excess of forty (40) hours during one or more weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours; and/or (b) were not paid minimum wages for all hours worked.

18. This action is intended to include each and every employee who worked for the Defendants at any time within the past three years.

19. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs, and others similarly situated to them, are in the possession and custody of Defendants.

## STATEMENT OF FACTS

20. At various material times hereto, Plaintiffs, and others similarly situated to them, worked for Defendants in excess of forty (40) hours within a week.

21. At various material times hereto, Plaintiffs, and others similarly situated to them, were not paid minimum wages for all hours worked.

22. Defendants failed to compensate Plaintiffs, and others similarly situated to them, at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiffs, and others similarly situated to them, should be compensated at the rate of one and one-half times their regular rate for those hours that Plaintiffs, and others similarly situated to them, worked in excess of forty (40) hours per week as required by the FLSA.

23. Defendants failed to compensate Plaintiffs, and others similarly situated to them, minimum wages for all hours worked by making Plaintiffs, and others similarly situated to them, work "off the clock".

24. Defendants have violated Title 29 U.S.C. §207 from at least January 2008 and continuing to this date, in that:

   a. Plaintiffs, and others similarly situated to them, worked in excess of forty (40) hours per week for their period of employment with Defendants;

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiffs, and others similarly situated to them, for minimum wages, at their regular rate of pay, and overtime wages, at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours per week as provided by the FLSA; and

   c. Defendants have failed to maintain proper time records as mandated by the FLSA.

25. Plaintiffs' have retained the law firm of BERKE & LUBELL, PA to represent Plaintiffs, and others similarly situated to them, in the litigation and have agreed to pay the firm a reasonable fee for its services.

### COUNT I – RECOVERY OF OVERTIME COMPENSATION

26. Plaintiffs, and others similarly situated to them, reallege and incorporate the foregoing paragraphs of the Complaint as if fully set forth herein.

27. Plaintiffs were employed at various times with Defendants from January 2008 through June 2009 as servers.

28. From on or about January 2008 and continuing until at least June 2009, Plaintiffs, and others similarly situated to them, worked in excess of forty (40) per work week for which Plaintiffs, and others similarly situated to them, were not compensated at the statutory rate of one and one-half times their regular rate of pay.

29. Plaintiffs, and others similarly situated to them, were, and are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

30. At all times material hereto, Defendants failed and continue to fail, to maintain proper time records as mandated by the FLSA.

31. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidences by its failure to compensate Plaintiffs, and others similarly situated to them, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

32. Defendants have failed to properly disclose or apprise Plaintiffs, and others similarly situated to them, of their rights under the FLSA.

33. Due to intentional, willful, and unlawful acts of Defendants, Plaintiffs, and others similarly situated to them, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

34. Plaintiffs, and others similarly situated to them, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, and others similarly situated to them, respectfully requests that judgment be entered in their favor against Defendants.

a. Declaring, pursuant to 29 U.S.C. §§201 and 202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiffs, and others similarly situated to them, overtime compensation in the amount due to them for time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiffs, and others similarly situated to them, liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiffs, and others similarly situated to them, their reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiffs, and others similarly situated to them, pre-judgment interest; and

f. Order any other further relief the Court deems just and proper.

## COUNT II – RECOVERY OF MINIMUM WAGES

35. Plaintiffs, and others similarly situated to them, reincorporate and readopt all the foregoing allegations in this complaint.

36. Plaintiffs, and others similarly situated to them, were entitled to be paid minimum wages for each hour worked during their employment with Defendants.

37. Plaintiffs were employed at various times with Defendants from January 2008 through June 2009 as servers.

38. Since then, Plaintiffs have demanded compensation for all hours worked, but Defendants have refused and/or failed to compensate them for same. As a result of Defendants' actions in this regard, Plaintiffs have not been paid the minimum wages for each hour worked during multiple weeks of employment with Defendants.

39. Defendants willfully failed to pay Plaintiffs minimum wages for multiple weeks of work contrary to 29 U.S.C. §206.

40. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiffs, and others similarly situated to them, respectfully request that judgment be entered in their favor against Defendants.

    a. Declaring, pursuant to 29 U.S.C. §§201 and 202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

    b. Awarding Plaintiffs, and others similarly situated to them, their loss of minimum wages in the amount due to them for time worked;

    c. Awarding Plaintiffs, and others similarly situated to them, liquidated damages in an amount equal to the loss of minimum wages award;

    d. Awarding Plaintiffs, and others similarly situated to them, reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiffs, and others similarly situated to them, pre-judgment interest; and

f. Order any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

DATED this ____ day of July 2009.

Respectfully submitted by,

BERKE & LUBELL, P.A.

By: _____
Patrick S. Javier
Florida Bar No. 16645
patrickjavier@ymail.com
Bill B. Berke
Florida Bar No. 0558011
berkelaw@yahoo.com
1003 Del Prado Blvd., Ste. 300
Cape Coral, FL 33990
Telephone: (239) 549-6689
Facsimile: (239) 549-3331
*Attorneys for Plaintiffs*